**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

March 10, 2025

**LETTER ORDER**

Re:     Lauren P. v. Leland Dudek, Commissioner, Social Security Administration[1]
        Civil No. 24-0480-SAG

Dear Counsel:

On February 19, 2024, Plaintiff Lauren P. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. I have considered the record in this case (ECF 9) and the parties' filings (ECFs 12, 15-16). I find that no hearing is necessary. *See* D. Md. Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I.     PROCEDURAL BACKGROUND

On September 16, 2020, Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits, alleging a disability onset date of November 1, 2019. Tr. 207-19. Plaintiff's claims were denied initially and on reconsideration. Tr. 113-22, 125-36. On January 25, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40-65. Following the hearing, on March 9, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-39. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any

---

[1] Plaintiff filed this case against the Commissioner of Social Security on February 19, 2024. ECF 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 2

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since November 1, 2019, the alleged onset date[.]" Tr. 20. The ALJ then made findings specific to the relevant time periods for Plaintiff's two applications: November 1, 2019 through her date last insured, December 31, 2020, for her DIB application, and September 16, 2020 through the date of the opinion for her SSI application. The ALJ's findings for both time periods are identical.

Specifically, at step two, the ALJ found that Plaintiff suffered from the severe impairments of "status post total left knee replacement surgery, bilateral knee osteoarthritis, and obesity[.]" Tr. 20, 27. The ALJ also determined that all of Plaintiff's other impairments, including hypertension, epistaxis, hyperlipidemia, gastroesophageal reflux disease, and endometrial cancer, were non-severe impairments. Tr. 20-21, 27-28.

At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 22, 30. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; standing and walking for 2 hours in an 8 hour day; and, sitting for 6 hours in an 8 hour day. She can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing, but no work that requires the use of ladders, ropes, and scaffolds.

Tr. 23, 30.

The ALJ further determined that Plaintiff was able to perform her past relevant work as an Order Clerk (DOT[3] #249.362-026), as it is generally performed. Tr. 34. Therefore, the ALJ

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected*

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 3

concluded that Plaintiff has not been disabled "from November 1, 2019 through the date last insured[,] . . . [and] since September 16, 2020[.]"  Tr. 27, 35.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g., Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff offers two arguments.  First, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinions from her treating physician, Dr. Chika Victoria Egbe.  ECF No. 12, at 14.  Second, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ failed to properly evaluate Plaintiff's subjective testimony regarding the intensity, persistence, and limiting effects of her symptoms.  *Id.* at 19-20.  Defendant contests both points.  ECF No. 15 at 5, 11.

Plaintiff's first argument is dispositive.  An ALJ "must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c).  The ALJ must "articulate . . . how persuasive [the ALJ] finds each medical opinion." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).  Because "[s]upportability and consistency are the most important factors when considering the persuasiveness of medical opinions," the ALJ must "explain how [he] considered [these] factors." *Id.*  "Supportability generally refers to 'the objective medical evidence and supporting explanations provided by a medical source.'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)).  "Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Carlos F. v. Kijakazi*, No. 22-2049-BAH, 2023 WL 3293086, at *3 (D. Md. May 5, 2023) (internal quotation marks and citation omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of ... opinions, the ALJ needed to evaluate

_____

*Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 4

what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to ... consistency[.]").

"Consistency" is the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim". 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Supportability and consistency "must be considered independently[.]" *Carlos F.*, 2023 WL 3293086, at *3; *see also Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors"). Supportability is not considered independently when the ALJ only analyzes "the consistency of an opinion with other opinions from the . . . rest of the record[.]" *Timeka M. v. Kijakazi*, No. 22-3194-BAH, 2023 WL 5804645, at *3 (D. Md. Sept. 6, 2023). Instead, the ALJ "must assess the relevance of 'the objective medical evidence and supporting explanations presented by a medical source' to the ultimate finding advanced by that medical expert." *Id.* (quoting 20 C.F.R. § 404.1520c(c)(1)).

Dr. Egbe issued three opinions in this case: a mental functional capacity assessment on January 5, 2023, a physical medical source statement on January 5, 2023, and a January 19, 2023 letter attesting that Plaintiff could not serve jury duty. The ALJ evaluated those opinions as follows, cutting and pasting the below analyses at multiple points in the opinion[4]:

> The undersigned considered the opinion of Chika Egbe, M.D., the claimant's medical source, who indicated on January 5, 2023 on a mental functional capacity assessment that since May 24, 2022 the claimant has no limitation in understanding and memory, minimal to moderate limitation in sustained concentration and persistence and in social interaction, and that the claimant would be expected to be off task 10% to 15% of the work day (Exhibits 7F; 9F/21-23). While the finding of no limitation in understanding and memory is supported by the record, the finding of moderate limitation in sustained concentration and persistence and in social interaction is not supported by and consistent with the record, which reveals typically normal mental status examination findings and the progress notes generally indicating the claimant's mental health symptoms, while exacerbated at times, especially when flying, are controlled with routine primary care treatment. Moreover, there is no documentation indicating inpatient, partial inpatient or outpatient psychiatric treatment, psychotherapy or emergency department treatment for an exacerbation of mental health symptoms. Further, the claimant reported that she is able to shop in stores and by computer, prepare simple meals, take care of pets without assistance, read, watch television, and use the internet. Accordingly, the undersigned finds this opinion to be mostly not persuasive.

---

[4] It strikes this Court as unusual that so much of the ALJ's analysis for DIB and SSI in this case was identical, given the very minimal overlap between the two time windows. For example, Dr. Egbe's analyses only cover the period after May 24, 2022 and would seemingly have little to no bearing on Plaintiff's DIB application.

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 5

Tr. 25-26, 33.

The undersigned also considered the January 19, 2023 opinion of Dr[.] Egbe, who indicated in a letter that the claimant is not able to serve jury duty as she is not able to sit for prolonged periods and she does not have the ability to concentrate as required for court proceedings (Exhibit 9F/4). Initially, the undersigned notes that Dr. Egbe did not provide an assessment of the specific functional limitations associated with sitting. Moreover, Dr. E[gb]e's finding that the claimant has limitations in concentrating is not supported by and consistent with the record, including the typically normal mental status examination findings and the progress notes generally indicating the claimant's mental health symptoms, while exacerbated at times, especially when flying, are controlled with routine primary care treatment. In addition, there is no documentation indicating inpatient, partial inpatient or outpatient psychiatric treatment, psychotherapy or emergency department treatment for an exacerbation of mental health symptoms. Further, the claimant reported that she is able to shop in stores and by computer, prepare simple meals, take care of pets without assistance, read, watch television, and use the internet. Accordingly, the undersigned finds this opinion to be not persuasive.

Tr. 26, 33.

The undersigned considered the opinion of Chika Egbe, M.D., the claimant's medical source, who indicated on January 5, 2023 on a medical source statement and onset date questionnaire that since May 24, 2022 the claimant has been capable of lifting and/or carrying twenty (20) pounds frequently, but never fifty (50) pounds, sitting sixty (60) minutes, standing and/or walking thirty (30) minutes at one time, sitting eight (8) hours and standing and/or walking one (1) hour total in an eight (8) hour work day with changing positions at will from sitting, standing or walking, frequent balancing or stooping, occasional kneeling or crouching, and would likely be absent from work once or twice per month (Exhibits 6F; 9F/15-17). The undersigned acknowledges that Dr. Egbe is a treatment provider for the claimant. However, these findings are not consistent with the record that reveals physical examination findings indicating normal gait despite the claimant's complaints of knee pain post total left knee replacement, the claimant's conservative treatment history for knee pain post total left knee replacement, primarily consisting of physical therapy and occupational therapy while hospitalized for a bacteria infection related to the total left knee replace surgery and the use of topical medication and ibuprofen. In addition, the claimant has reported that she is able to travel by plane, shop in stores, and take care of pets without assistance. Accordingly, the undersigned is not persuaded by this opinion.

Tr. 27, 34.

At no point in the lengthy opinion does the ALJ summarize Dr. Egbe's findings during her personal examinations of Plaintiff. For example, during a visit on May 24, 2022, Dr. Egbe noted

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 6

Plaintiff's complaints of right knee pain and walking limitations and made a referral to an orthopedist. Tr. 2057. Dr. Egbe also noted that Plaintiff "stays in bed a lot" and is "feeling overwhelmed and depressed given life stressors" including handling the affairs of her deceased relatives. *Id.* On June 26, 2022, Dr. Egbe noted that Plaintiff's "depression/grief" and fatigue were worsening, noting that Plaintiff" has several life stressors and limited mobility from knee pain as contributing factors." Tr. 2452. The report also noted that Plaintiff's osteoarthritis of her left knee was "[l]imiting [her] quality of life." *Id.* Again on September 13, 2022, Dr. Egbe reported that Plaintiff's depression/grief was worsening and offered to look into therapy options at Hopkins, noting that Plaintiff "declines pharmacotherapy for now." Tr. 2415. The ALJ neither assessed "objective medical evidence and supporting explanations presented by" Dr. Egbe's opinion, 20 C.F.R. § 404.1520c(c)(1), nor Dr. Egbe's "diagnostic techniques, data collection procedures/analysis, and other objective medical evidence[,]" *Carlos F.*, 2023 WL 3293086, at *3 (internal quotation marks and citation omitted). In other words, the ALJ failed to consider how Dr. Egbe's treatment notes factored into the opinion's conclusions. Importantly, the ALJ did not make it "apparent . . . that he meaningfully considered [supportability] before deciding how much weight to give [Dr. Egbe's] opinion[.]" *Dowling*, 986 F.3d 377 at 385.

Moreover, the ALJ's conclusion that Plaintiff's "mental health symptoms . . . are controlled with routine primary care treatment," Tr. 26, 33, is undermined by Dr. Egbe's treatment notes. The treatment notes repeatedly reflect that her symptoms were worsening and that Dr. Egbe was seeking to refer her for more specialized assistance.

Remand is warranted because "[h]ad the ALJ properly considered the supportability of [Dr. Egbe]'s opinion, [he] may have come to a different determination of the weight [Dr. Egbe's] opinion should be given." *Charles H. v. Kijakazi*, No. 22-3331-BAH, 2023 WL 5984150, at *4 (D. Md. Sept. 14, 2023); *see also Brenda B. v. Kijakazi*, No. 22-2837-BAH, 2023 WL 5721609, at *4 (D. Md. Sept. 5, 2023) (ordering remand where the ALJ failed to properly consider the supportability of a medical opinion); *Timeka M.*, 2023 WL 5804645, at *4 (same); *Carlos F.*, 2023 WL 3293086, at *4 (same). Had there been a different weight given to Dr. Egbe's opinions, the ALJ could "have altered Plaintiff's RFC," *Timeka M.*, 2023 WL 5804645, at *4, or "changed the ultimate disability determination[,]" *Carlos F.*, 2023 WL 3293086, at *4.

Remand is also warranted for failure to evaluate consistency. Specifically, the ALJ failed to "properly evaluate[] the consistency of [Dr. Egbe]'s medical opinion with other medical evidence in the record." *Kadian Ophelia W-R. v. Kijakazi*, No. GLS-22-2458, 2023 WL 4421190, at *5 (D. Md. July 10, 2023); *see also Ellen C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-22-1698, 2023 WL 2163644, at *3 (D. Md. Feb. 22, 2023) (finding that the ALJ failed to properly evaluate the consistency of a medical opinion because the ALJ did not explain how the plaintiff's "reported activities of daily living are inconsistent with [the doctor]'s findings"); *Selina M. v. Kijakazi*, No. GLS-21-2943, 2023 WL 2034292, at *4-5 (D. Md. Feb. 16, 2023) (finding that the ALJ failed to properly evaluate the consistency of a medical opinion because the ALJ did not analyze evidence that supported the opinion). In *Kadian*, *Ellen C.*, and *Selina M.*, the court ordered remand because the ALJ failed to consider evidence contradicting his conclusion that a medical opinion was not

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 7

consistent with the record. *See Kadian*, 2023 WL 4421190, at *5; *Ellen C.*, 2023 WL 2163644, at *2-3; *Selina M.*, 2023 WL 2034292, at *4-5.

Although the ALJ is not required to refer to every piece of evidence when rendering his decision, he must provide a reasoned basis for rejecting evidence that runs contrary to his ultimate conclusion. *Reid v. Comm'r Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014); *see also Dotson ex rel. T.W. v. Astrue*, No. SAG–10–2066, 2012 WL 1911110, at *4 (D. Md. May 24, 2012) ("An ALJ must affirmatively reject that contradictory evidence and explain h[is] rationale for so doing"); *Smith v. Heckler*, 782 F.2d 1176, 1181 (4th Cir. 1986) (same). When the record contains evidence that contradicts an ALJ's conclusion, an ALJ who fails to analyze such evidence and explain his basis for rejecting it precludes meaningful review on appeal. *See, e.g., Davis v. Colvin*, No. TMD-13-3376, 2015 WL 390708, at *4 (D. Md. Jan 27, 2015).

The issue with the ALJ's "consistency" finding is his failure to explain how the plaintiff's "reported activities of daily living are inconsistent with [Dr. Egbe]'s findings." *Ellen C.*, 2023 WL 2163644, at *3. Specifically, the ALJ fails to explain how Plaintiff's ability to shop, prepare simple meals, take care of pets, read, watch television, and use the internet have any bearing on the limitations in Dr. Egbe's opinion. *See Sharmaine W. v. Kijakazi*, No. TJS-21-2716, 2022 WL 4545843, at *3 (D. Md. Sept. 29, 2022) (finding that the ALJ's failure to explain how the plaintiff's daily activities had any bearing on the limitations in the doctor's opinion precluded a finding that the doctor's opinion was inconsistent with such activities). It is also important to remember that, "[w]hen assessing the effect of [a] claimant['s] activities of daily living on their physical RFC, ALJs must be careful not to place too much emphasis on simple tasks that are insufficiently indicative of a claimant's ability to do work existing in the national economy." *Eiker v. Astrue*, No. CBD-11-3584, 2013 WL 2149755, at *3 (D. Md. May 15, 2013). This is because "the ability to engage in some light activity does not necessarily translate into the ability to do substantial gainful activity." *Andrew M. v. Kijakazi*, No. CBD-20-2858, 2022 WL 971078, at *8 (D. Md. Mar. 31, 2022). In a case like this involving a combination of physical and mental impairments, the ability to perform activities that can be done in a sedentary position (like reading or watching television), and the ability to perform relatively quick tasks involving limited spurts of physical or mental exertion, do not necessarily support the notion that a claimant is capable of sustained light work for an eight-hour workday. The ALJ failed to provide an adequate explanation for his contention that Plaintiff's activities of daily living are inconsistent with the limitations noted by Dr. Egbe.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments, which the ALJ is free to consider on remand. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion regarding Plaintiff's entitlement to benefits is correct.

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Lauren P. v. Dudek
Civil No. 24-0480-SAG
March 10, 2025
Page | 8


      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.


                  Sincerely yours,

                    /s/

                  Stephanie A. Gallagher
                  United States District Judge